UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:19-cr-129-TRM-SKL |
| JASON JOHNSON | ) | |
| Defendant. | ) | |

## ORDER

As a predicate to a hearing on Defendant's competency to stand trial, the United States ("Government") has moved for a "competency evaluation" of Defendant Jason Johnson ("Defendant") pursuant to 18 U.S.C. §§ 4241(a), (b) and 4247(b) [Doc. 199]. Defendant filed a response opposing the motion and requesting a hearing pursuant to § 4241(a). Oral argument on the motion was held March 2, 2021.

For the reason set forth below, the motion will be granted and the Court will enter an order for a psychiatric or psychological examination of Defendant.[1]

### I. BACKGROUND

The Government points to a number of factors to establish that a competency examination is warranted, including (1) Defendant's past (and sometimes conflicting) representations to the Court about his abilities to read, write, or understand the charges against him; (2) his occasional outbursts in hearings; (3) his vacillating declarations about representing himself, retaining counsel,

---

[1] The Sixth Circuit has recognized the authority of a magistrate judge to order a competency examination. *United States v. Jackson*, 179 F. App'x 921, 931-33 (6th Cir. 2006).

or continuing to be represented by appointed counsel; (4) his accusations against and inability or refusal to work/meet with former appointed counsel/investigator who he has asserted were racists, actually working for/conspiring with the Government, unethical, and/or not real defense lawyers; and (5) his (and another person's) claim upon arrest in November of 2019 that Defendant was mentally handicapped.

Defendant counters that there is insufficient reasonable cause to show present mental incompetency. As evidence of competency, Defendant points to his active participation in his case, particularly as to his representation by counsel, including a letter from Defendant requesting new counsel and describing the complaints he had with counsel and a motion from former counsel describing Defendant's conduct and interest in securing counsel to represent him in this case. In addition, Defendant's current appointed counsel argues against the need for a competency evaluation based on his (limited) interactions with Defendant.

## II. STANDARDS

To be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960); *accord United States v. Dubrule*, 822 F.3d 866, 875-76 (6th Cir. 2016). The procedure for determining competency is set forth in 18 U.S.C. § 4241.[2] In short, if the government or a

---

[2] Section 4241 provides, in relevant part:

**(a) Motion to determine competency of defendant**.—At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he

2

defendant moves for a competency hearing, the Court shall grant the motion if there is "*reasonable cause to believe*" that the defendant "may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.* § 4241(a) (emphasis added); *see also United States v. Miller*, 531 F.3d 340, 348 (6th Cir. 2008); *United States v. Rayyan*, No. 16-CR-20098, 2016 WL 1746013, at *4 (E.D. Mich. May 3, 2016). Even if no party moves for a competency hearing, the Court has the duty to inquire as to a defendant's competency "whenever there is 'reasonable cause to believe' that the defendant is incompetent to stand trial." *Dubrule*, 822 F.3d at 879 (quoting *United States v. White*, 887 F.2d 705, 709 (6th Cir. 1989)).

Factors for the court to consider when such a hearing is requested to determine the mental competency of a defendant include evidence of a defendant's irrational behavior, demeanor, and any prior medical opinions regarding the defendant's competency. *Drope v. Missouri*, 420 U.S. 162, 180 (1975). The court may also consider the opinion of defense counsel.[3] *United States v.*

---

is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

**(b) Psychiatric or psychological examination and report**.—Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court . . . .

[3] Typically, "[d]efense counsel have the closest association with their clients and therefore courts pay particular attention to information they provide regarding competency." *United States v. Gambrel*, No. 5:16-CR-76-DCR-REW, 2017 WL 1018029, at *2 n.1 (E.D. Ky. Mar. 10, 2017) (quoting *United States v. Maxton*, No. 13-cr-411-PAB, 2013 WL 6800695, at *2 (D. Colo. Dec. 24, 2013)). In this case, however, Defendant's current (third) appointed attorney has only very recently been appointed [Doc. 192], and it unlikely that he has already garnered a great deal of information regarding competency as his contact with Defendant has been limited to three one-hour video conferences.

3

*Suggs*, 531 F. App'x 609, 621 (6th Cir. 2013) (citing *United States v. Tucker*, 204 F. App'x 518, 520 (6th Cir. 2006)). The statute, however, does not require an evidentiary hearing to determine "reasonable cause." *United States v. Jackson*, 179 F. App'x 921, 932 (6th Cir. 2006) (citation omitted).

Once the court determines a competency hearing is warranted, the court has discretion to order a psychiatric or psychological examination of the defendant to assist with the competency determination. 18 U.S.C. § 4241(b). "A court may order a psychiatric or psychological examination and commit a defendant for a period not to exceed thirty days if the court has 'reasonable cause' to believe that the person may be incompetent to stand trial." *Jackson*, 179 F. App'x at 931 (citing 18 U.S.C. § 4241(a)-(b); 18 U.S.C.§ 4247(b)) (other citation omitted). Ordering an evaluation requires a proper § 4241 finding because "a competency determination is necessary only when a court has reason to doubt the defendant's competence." *Godinez v. Moran*, 509 U.S. 389, 401 n.13 (1993) (citations omitted); *see also, e.g., United States v. Davis*, 93 F.3d 1286, 1290 (6th Cir. 1996) (referencing the district court's "independent obligation to determine whether there is reasonable cause to question her competency before ordering an examination").

Reasonable cause "is not an onerous standard." *Rayyan*, 2016 WL 1746013, at *2–3 (citing *Pate v. Robinson*, 383 U.S. 375, 385 (1966)). "[T]he determination of reasonable cause is left in large part to the discretion of the district court." *Harper v. Parker*, 177 F.3d 567, 571 (6th Cir. 1999) (internal quotation marks and citations omitted). In short, "the test is whether there is reasonable cause to believe that the defendant 'might be incompetent to proceed,' not whether the defendant is incompetent[.]" *United States v. Parks*, 198 F.3d 248, 1999 WL 1045558, at *2 (6th Cir. Nov. 8, 1999) (quoting *United States v. Crosby*, 739 F.2d 1542, 1546 (11th Cir. 1984))

4

(unpublished table decision); *see also United States v. Gambrel*, No. 5:16-CR-76-DCR-REW, 2017 WL 1018029, at *2 (E.D. Ky. Mar. 10, 2017) (citing *Parks*, 1999 WL 1045558, at *2).

**III.   ANALYSIS**

First, the Court notes that it does not presently conclude that Defendant is actually incompetent "to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense" based on the current record. Nevertheless, given Defendant's sometimes erratic behavior, allegedly self-proclaimed mental handicap, and somewhat fantastical claims about appointed attorneys[4] working for the Government against his interests, the Court has reasonable doubts as to Defendant's competency and grave concerns about Defendant's ability to represent himself should he again indicate a desire to do so. Also significant to the Court's determination are Defendant's occasional claims he does not comprehend the charges against him and his admitted illiteracy/difficulty reading and writing.[5]

No single item of proof is required or necessarily sufficient as "there is no requirement in the text of § 4241 that reasonable cause be satisfied by certain proof." *Jackson*, 179 F. App'x at 933; *see also Dubrule*, 822 F.3d at 879 ("In deciding whether or not to hold a competency hearing, a court may consider all of the information before it."). Once more, the "test is whether there is reasonable cause to believe that the defendant 'might be incompetent to proceed,' not whether the defendant is incompetent[.]" *Parks*, 1999 WL 1045558, at *2. Considering all the applicable

---

[4] All counsel appointed to represent Defendant have been respected members of the Court's Criminal Justice Act panel.

[5] The Court notes that, in prior hearings, Defendant advised the Court he did not actually write or read the letter signed by him. Instead, he provided information to a scrivener and the finished letter was read to him by the unidentified scrivener. Defendant stated he understood the letter when it was explained to him.

5

Case 1:19-cr-00129-TRM-SKL   Document 215   Filed 03/03/21   Page 5 of 7   PageID #: 1658

factors, case circumstances, and applicable legal standards, the Court finds reasonable cause to believe that Defendant may be incompetent, per § 4241(a) as, at least, "[s]ome minimum showing of incompetence" appears in this case, making a competency hearing "necessary." *See Jackson*, 179 F. App'x at 932.

Further, because the Court has found there is reasonable cause to believe Defendant may be incompetent and that a hearing is necessary, evaluation is ordered and a separate order for the evaluation shall enter. *See Davis*, 93 F.3d at 1290 ("The district court could order a competency examination only if it found 'reasonable cause to believe' the defendant was incompetent." (quoting 18 U.S.C. § 4241(a))). Moreover, because a superseding indictment was recently returned, Defendant has already been detained, and jury trials are not presently being conducted due to COVID-19 concerns; "any restraint on his liberty" as a result of the evaluation "is less consequential than if he were out on bond." *Rayyan*, 2016 WL 1746013 at *5.

Depending on the results of Defendant's examination, this Court may not need to go forward with a competency hearing at all. Ultimately, the evaluation may support that Defendant is competent to the extent that he is presently able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. However, the narrow issue presently before the Court is whether there is reasonable cause to believe Defendant may be incompetent. *See* 18 U.S.C. § 4241(a).

## IV. CONCLUSION

Based on the record and the Court's own observations, the Court concludes there is reasonable cause to believe that Defendant may be unable to understand the charges against him or to participate in his defense and, in its discretion, will order a psychiatric or psychological examination of Defendant to assist with the competency determination. 18 U.S.C. § 4241(b).

6

Accordingly, the Government's motion for a competency evaluation [Doc. 199] is **GRANTED** and a separate order regarding same shall enter.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE