UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-129-TRM-SKL |
| | ) | |
| JASON JOHNSON | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Pending before the Court are a "motion to suppress" and "second motion to suppress" filed by Defendant Jason Johnson, which are actually his second and third motions to suppress [Doc. 239 & Doc. 245]. Defendant's motion seeks to suppress incriminating statements he gave to law enforcement officers on March 8, 2019, claiming he did not receive *Miranda*[1] warnings and did not knowingly and intelligently waive his Fifth Amendment right to remain silent. In the so-called second motion, Defendant seeks to suppress (1) evidence seized as a result of the search of his cell phones pursuant to warrants as well as the fruits of the cell phone searches; and (2) custodial statements he made on May 16, 2019.

Also pending before the Court are: (1) a motion to strike the motion to suppress his March 8, 2019, statements [Doc. 251], and (2) a motion to strike the portion of his so-called second motion to suppress that sought to suppress statements made on May 16, 2019 [Doc. 252]. As Defendant

---

[1] As used herein, "*Miranda* rights" and "*Miranda* warnings" refer to the rights and warnings addressed in *Miranda v. Arizona*, 384 U.S. 436, 479 (1966).

now concedes he was properly Mirandized on both occasions, the motions to strike [Doc. 251 & Doc. 252] are **GRANTED**.

With respect to the second motion to suppress, the sole remaining issue is whether probable cause for the issuance of warrants for the search of two cell phones retrieved from Defendant's person and his car in May 2019, is established; and, specifically, whether a nexus between the places to be searched (the cell phones) and the evidence sought (proof of drug trafficking) is established. Defendant has not sought a hearing on the remain issue and it does not require a hearing. *See United States v. Dyer*, 580 F.3d 386, 390 (6th Cir. 2009) ("In reviewing the sufficiency of the evidence supporting probable cause, [the court is] limited to examining the information contained within the four corners of the affidavit" in light of "the totality of the circumstances."). Accordingly, the evidentiary hearing set for August 11, 2021 on the motions to suppress is hereby **CANCELED**. The remaining issue will be addressed on the briefs once ripe.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE