UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:19-cr-0129-TRM-SKL-1 |
| v. | ) |
| | ) |
| JASON JOHNSON | ) |

REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on May 2, 2023. At the hearing, defendant moved to withdraw his not guilty plea to Count One and Count Three of the three-count Superseding Indictment and entered a plea of guilty to Count One and to the lesser included offense of the charge in Count Three, that is, possession with intent to distribute 5 grams or more of methamphetamine (actual), in violation of title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) in exchange for the undertakings made by the government in the written corrected plea agreement [Doc. 343]. On the basis of the record made at the hearing, I find the defendant is fully capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights waived by defendant; the plea is made voluntarily and free from any force, threats, or promises, apart from the promises in the corrected plea agreement; the defendant understands the nature of the charge and penalties provided by law; and the plea has a sufficient basis in fact.

Therefore, I **RECOMMEND** defendant's motion to withdraw his not guilty plea to Count One and Count Three of the Superseding Indictment be granted, his plea of guilty to Count One and to the lesser included offense of the charge in Count Three, that is, possession with intent to

distribute 5 grams or more of methamphetamine (actual), in violation of title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) in exchange for the undertakings made by the government in the written corrected plea agreement be accepted, the Court adjudicate defendant guilty to Count One and to the lesser included offense of the charge in Count Three, that is, possession with intent to distribute 5 grams or more of methamphetamine (actual), in violation of title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) in exchange for the undertakings made by the government in the written corrected plea agreement, and a decision on whether to accept the corrected plea agreement be deferred until sentencing. I further **RECOMMEND** defendant remain in custody until sentencing in this matter. Acceptance of the plea, adjudication of guilt, acceptance of the corrected plea agreement, and imposition of sentence are specifically reserved for the district judge.

ENTER.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen days after the plea hearing. Failure to file objections within fourteen days constitutes a waiver of any further right to challenge the plea of guilty in this matter. See 28 U.S.C. §636(b).